United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-11262
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEBORAH LEE SYPNIEWISKI,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CR-28-1
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Deborah Lee Sypniewiski was convicted by a jury of counterfeiting obligations of the United States and possessing counterfeit obligations. Sypniewiski argues that the district court erred in enhancing her sentence based on her manufacture of counterfeit federal reserve notes pursuant to U.S.S.G. § 2B5.1(b)(2)(A) and (b)(3) (2004). Sypniewiski argues that the enhancement was inapplicable under application note 4, which states that the enhancement does not apply where the items manufactured "are so obviously counterfeit that they are unlikely

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to be accepted even if subjected to only minimal scrutiny."
§ 2B5.1, comment. (n.4).

Based on the personal inspection of the notes by the district court judge, the evidence regarding the number of times the bills were successfully and unsuccessfully passed, and the testimony of various witnesses including a Secret Service agent, the district court found that the counterfeit notes were not so obviously counterfeit that they were unlikely to be accepted even if subjected to only minimal scrutiny.  The district court's finding was plausible in light of the record as a whole and thus was not clearly erroneous.  United States v. Wyjack, 141 F.3d 181, 183-84 (5th Cir. 1998); United States v. Bollman, 141 F.3d 184, 187 (5th Cir. 1998).

AFFIRMED.